Jared B. Pearson (12200)
PEARSON LAW FIRM, PLLC
9192 South 300 West, Suite 35
Sandy, Utah 84070
Tele: (801) 888-0991
jared@pearsonlawfirm.org
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | | |
|---|---|---|
| JUSTIN ARGYLE, | ) | |
| | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:21-cv-00606-CMR |
| | ) | Judge: |
| GREEN SQUARE COMPANY LLC; and | ) | |
| JOEY M. YOUNGER, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, JUSTIN ARGYLE ("Plaintiff"), by and through his attorneys, alleges the following against Defendants, GREEN SQUARE COMPANY LLC and JOEY M. YOUNGER ("Green Square" and "Younger" respectively and "Defendants" collectively):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Utah Consumer Sales Practices Act, UTAH CODE § 13-11-1, *et seq.* ("UCSPA").

1

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Salt Lake, Salt Lake County, State of Utah.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Each Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

12. Green Square is a New York limited liability company and national collection agency headquartered in the Village of East Aurora, Erie County, State of New York.

13. Younger is a natural person and debt collector residing in the City of Buffalo, Erie County, State of New York.

14. The principal purpose of Green Square's business is the collection of debts allegedly owed to third parties.

15. Green Square regularly collects, or attempts to collect, debts allegedly owed to third parties

16. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

17. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

18. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

19. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

20. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

*Justin Argyle v. Green Square Company, LLC*

22. Green Square is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff.

23. The alleged debt at issue arises from transactions for personal, family, and household purposes.

24. In or around November 2020, Green Square began placing collection calls to Plaintiff on Plaintiff's cellular number at 385-229-6613 in an attempt to collect the alleged debt.

25. Green Square calls Plaintiff from, at least, 801-803-6991, which is one of Green Square's telephone numbers.

26. Green Square also leaves voicemail messages for Plaintiff.

27. A true and correct transcription of one of the several nearly identical messages is as follows:

> This message is solely intended for Justin Argyle. This is Christina Maddox contacting you in reference to the civil grievance filed against your name as well as your Social ending in [REDACTED]. At this point in the investigation, there is suspicion to believe that you actively participated in a deliberate deception of a financial institution, and were only granted an allotted amount of time to discuss the matter with you while paperwork is drawn. To prevent any further proceedings for wage garnishment through Salt Lake County, you or your attorney can reach our office at 844-802-1310. Again, that's 844-802-1310. Good luck.

28. With regard to the above-referenced voicemail messages:

   a. Green Square's collector, failed to disclose that the calls were coming from Green Square Company, LLC;

   b. Green Square's collector failed to disclose that the calls were made in an attempt to collect a debt and that any information obtained will be used for that purpose;

   c. Green Square's collector made overt and veiled threats of legal action against Plaintiff;

   d. Green Square's collector accused Plaintiff of committing a crime; and

   e. Green Square's collector gave 844-802-1310 as her callback number—which is one of Green Square's telephone numbers.

29. To date, Plaintiff has not paid the alleged debt.

30. To date, Plaintiff or his attorney have not contacted Green Square.

31. To date, Green Square has not taken legal action against Plaintiff.

32. Green Square never intended to take legal action against Plaintiff.

33. Green Square's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

34. The natural consequences of Green Square's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.

35. The natural consequences of Green Square's actions was to produce an unpleasant and/or hostile situation between Green Square and Plaintiff.

36. The natural consequences of Green Square's actions was to cause Plaintiff mental distress.

### *Justin Argyle v. Joey M. Younger*

37. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-36 herein, with the same force and effect as if the same were set forth at length herein.

38. Younger is the owner of Green Square.

39. Younger is the managing member of Green Square.

40. At all relevant times, acting alone or in concert with others, Younger has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Green Square, and its employees, including the acts and practices set forth in this Complaint.

41. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

42. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

## COUNT I:
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff repeats and realleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

44. Defendants violated the FDCPA as follows:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Green Square engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

    b. Defendants violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Green Square called Plaintiff and left voicemail messages for Plaintiff that failed to state that the calls were from Green Square Company, LLC;

    c. Defendants violated § 1692e of the FDCPA by their use of any false, deceptive,

6

or misleading representation or means in connection with the collection of any debt when Green Square engaged in, at least, the following discrete violations of § 1692e;

d. Defendants violated § 1692e(2)(A) of the FDCPA by Green Square's false representation of the character, amount, or legal status of any debt when Green Square's collectors made empty and unlawful threats of legal action against Plaintiff;

e. Defendants violated § 1692e(4) of the FDCPA by Green Square's representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Green Square's collectors made empty and unlawful threats of legal action against Plaintiff;

f. Defendants violated § 1692e(5) of the FDCPA by Green Square's threat to take any action that cannot legally be taken or that is not intended to be taken when Green Square's collectors made empty and unlawful threats of legal action against Plaintiff;

g. Defendants violated § 1692e(7) of the FDCPA by Green Square's false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Green Square's collectors claimed that "there is suspicion to believe that [Plaintiff] actively participated in a deliberate deception of a financial institution";

h. Defendants violated § 1692e(10) of the FDCPA by using any false

representation or deceptive means to collect or attempt to collect any debt when Green Square engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

i. Defendants violated § 1692e(11) of the FDCPA by Green Square's failure to disclose in its communications with the Plaintiff that it is attempting to collect a debt and that any information obtained will be used for that purpose when Green Square failed to make such disclosures when it left voicemail messages for Plaintiff; and

j. Defendants violated § 1692f of the FDCPA by Green Square's use of unfair or unconscionable means to collect or attempt to collect any debt when Green Square engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, JUSTIN ARGYLE, respectfully requests judgment be entered, both jointly and severally, against Defendants, GREEN SQUARE COMPANY LLC and JOEY M. YOUNGER, for the following:

45. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

46. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

47. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANTS VIOLATED THE UTAH CONSUMER SALES PRACTICES ACT

48. Plaintiff repeats and realleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

49. Defendants' above-referenced actions and/or omissions are unfair or deceptive acts or practices as contemplated by the UCSPA.

50. Defendants are each a "supplier" as that term is defined by the UCSPA. UTAH CODE § 13-11-3(6).

51. "A deceptive act or practice by a supplier in connection with a consumer transaction violates this chapter whether it occurs before, during, or after the transaction." UTAH CODE § 13-11-4.

52. "An unconscionable act or practice by a supplier in connection with a consumer transaction violates this act whether it occurs before, during, or after the transaction." UTAH CODE § 13-11-5.

53. Defendants' conduct amounts to deceptive and unconscionable acts or practices when Defendants engaged in the foregoing prohibited debt collection practices.

54. Defendants' above-referenced conduct cause Plaintiff to sustain damages.

55. Defendants' above-referenced conduct affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

WHEREFORE, Plaintiff, JUSTIN ARGYLE, respectfully requests judgment be entered, both jointly and severally, against Defendants, GREEN SQUARE COMPANY LLC and JOEY M. YOUNGER, for the following:

    a. Actual damages or $2,000, whichever is greater, plus costs. UTAH CODE § 13-11-19(2);

    b. Costs and reasonable attorneys' fees UTAH CODE § 13-11-19(5); and

    c. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: October 14, 2021      By: /s/ Jared B. Pearson
                                           Jared B. Pearson (12200)
                                           PEARSON LAW FIRM, PLLC
                                           9192 South 300 West, Suite 35
                                           Sandy, Utah 84070
                                           Tele: (801) 888-0991
                                           jared@pearsonlawfirm.org
                                           Attorney for Plaintiff